UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MAINE MEDICAL CENTER, et al.,  )<br>  )<br>       Plaintiffs  )<br>  )<br>v.  )<br>  )<br>SYLVIA M. BURWELL, Secretary, U. S.  )<br>Department of Health and Human  )<br>Services,  )<br>  )<br>       Defendant  ) | No. 2:13-cv-309-NT |

### RECOMMENDED DECISION ON MOTIONS TO AMEND

In this appeal from the defendant Secretary's reversal of an administrative ruling that the plaintiff hospitals were entitled to repayment of $17,127,665 in Medicare disproportionate share hospital payment reimbursement previously recouped from them, both sides moved for amendment of my recommended decision (ECF No. 26), which was affirmed by Judge Torresen (ECF No. 39).  The defendant contended that both my recommended decision and Judge Torresen's affirmance "are incomplete in that they do not address and decide the merits of the parties' ongoing disagreement about which specific administrative settlement agreements are subject to the criteria in section III.E.3 of the Recommended Decision[.]"  Defendant's Motion to Amend Judgment or, In the Alternative, for Relief from Two Orders ("Defendant's Motion") (ECF No. 46) at 1.  The plaintiffs asserted that the court "should have required the Defendant to pay the mandatory interest on the amount in dispute to . . . the Plaintiffs."  Motion to Alter or Amend Judgment Pursuant to Rule 59(e) ("Plaintiffs' Motion") (ECF No. 45) at 1.  Following briefing on the parties' disagreement about the settlement agreements subject to my recommended decision, I

1

heard oral argument on the motions. At oral argument, the parties agreed that the court need not resolve their disagreement at this point, if the last sentence of my recommended decision directing the parties to do so were deleted. Accordingly, I recommend that my first recommended decision be amended to delete the disputed last sentence, that the court grant in part without objection the defendant's motion to that limited extent and otherwise deny it, and deny without prejudice the plaintiffs' motion for interest as premature.

## I. The Plaintiffs' Motion

In their motion, the plaintiffs contend that the court "failed to include an award of mandatory interest on the amount in controversy to the prevailing party, the Plaintiffs[,]" as required by 42 U.S.C. § 1395oo(f)(2). Plaintiffs' Motion at 2.

A threshold problem with this argument, however, is the fact that no "amount in controversy" has yet been determined. That absence of a determination is due to the fact that the parties have been unable to agree "on the specific settlement agreements that meet the criteria of section III.E.3" of my recommended decision (ECF No. 26, at 21), as the recommended decision directed them to do. This issue must be resolved before any interest can be awarded. Accordingly, the plaintiffs' motion should be denied without prejudice as premature.

## II. The Defendant's Motion

### A. The Parties' Positions in Their Briefs

The defendant contended in her motion that the court must now "decid[e] the merits of the parties' administrative settlement agreement dispute." Defendant's Motion at 2. The parties have been unable to resolve this issue on their own.

The defendant believes that the court can resolve the issue on the basis of the information that has been provided in connection with her motion. She contends that none of the seven

agreements identified by the plaintiffs as meeting the requirements of section III.E.3 of the recommended decision actually does so. *Id*. at 8-9. She incorporates by reference her previous filings that address this issue in support of her position. *Id*.

The plaintiffs, on the other hand, contend that the court must remand this matter to the fiscal intermediary "because the Intermediary must add back the non-SSI Type 6 days that it improperly removed 'as to the cost reports for which the Provider Reimbursement Review Board found that the notices provided to specific plaintiffs were inadequate and as to the cost reports for providers and years covered by written settlement agreements entered into by individual providers and the Fiscal Intermediary[].]'" Plaintiffs' Reply to Defendant's Motion to Amend Judgment or, in the Alternative, for Relief from Two Orders ("Plaintiffs' Opposition") (ECF No. 47) at 3. Essentially, the plaintiffs contend that the fiscal intermediary must review 29 cost reports and determine whether they fall within the criteria set by section III.E.3 of my recommended decision, and then calculate a new award amount for those that do. *Id*. They do not explain why they did not object to the order in the recommended decision directing the parties themselves to undertake the initial review, which they now apparently contend can only be performed by the fiscal intermediary, or why their cross-motion for judgment apparently assumed that the court could perform these tasks.

While it appeared ten days after my recommended decision was posted on the docket that the defendant agreed that four of the settlement agreements "potentially" met the criteria of section III.E.3, specifically Eastern Maine Medical Center FYE 9/30/95, Mid-Coast Hospital FYE 9/30/93, Maine Medical Center FYE 9/30/94, and Brighton Medical Center FYE 9/30/95, Defendant's Statement in Response to the Magistrate Judge's Recommended Decision (ECF No. 35) at 2, the defendant later took the position that only three of the settlement agreements might

meet those criteria: those for Mid-Coast Hospital, Eastern Maine Medical Center, and Brighton Medical Center. Defendant's Amended Reply to Plaintiffs' Opposition to Defendant's Motion to Alter or Amend (ECF No. 55) at 2-3. At the earlier date, the plaintiffs' report to the court indicated that they believed that the following settlement agreements, in addition to the four listed by the defendant, met the applicable criteria: Central Maine Medical Center FYEs 6/30/93 & 6/30/94 and Mercy Hospital FYE 12/31/98. Plaintiffs' Report to Magistrate Judge Regarding Settlement Agreements that Meet the Criteria of Section III.E.3 of the Recommended Decision ("Plaintiffs' Report") (ECF No. 34) at 1. There was no mention by the plaintiffs at that time of remand to the fiscal intermediary for reconsideration of 29 settlement agreements.

In their complaint, the plaintiffs did not specify the number of settlement agreements subject to their claims. Their request for relief did not seek remand to the fiscal intermediary for any purpose. Complaint (ECF No. 1) at 11. In their motion for judgment on the record, the plaintiffs also did not seek such a remand. Motion for Judgment on Administrative Record (ECF No. 20) at 35. The first mention of a specific number of settlement agreements by the plaintiffs came in their report filed in response to my recommended decision, when they listed seven "Hospitals and Fiscal Years which they believe are covered by a settlement agreement addressing the non-SSI Type 6 DSH days issue." Plaintiffs' Report at 1. This filing also contained the plaintiffs' first reference to a "remand," although the party to which remand should be directed was not specified. *Id.* at 2. The plaintiffs more recently asserted that remand to the defendant is "unavoidable," and that the defendant "will of course be required to remand the case to the Intermediary," because the court has ordered the defendant to "undo" "those specified reopenings

4

in which the Intermediary improperly removed the non-SSI Type 6 days from the Medicaid fraction of the DSH adjustment." Plaintiffs' Opposition at 3.[1]

### B. The Parties' Positions at Oral Argument

The parties' briefs following my recommended decision and in support of their cross-motions to amend my recommended decision made plain their disagreement over which administrative settlement agreements were subject to the recommended decision. However, after extensive discussion at oral argument, counsel for the parties agreed that, if the last sentence of my recommended decision (ECF No. 26) were deleted, their pending motions (ECF Nos. 45 and 46) need not be decided on the merits at this time (except to the extent of deleting the sentence in question), thereby making Judge Torresen's order affirming the recommended decision (ECF No. 39) appropriate for possible appeal. The last sentence reads:

> The parties shall inform the court no later than ten days from the date of this recommended decision if they are unable to agree on the specific settlement agreements that meet the criteria of section III.E.3 of this recommended decision, so that the court may arrange for a procedure to resolve any such disagreement.

Recommended Decision on Cross-Motions for Judgment on Administrative Record (ECF No. 26) at 21. Counsel for the parties agreed at oral argument that, should that sentence be deleted from the recommended decision, the parties' disagreement over the affected settlement agreements need

---

[1] The plaintiffs' assertion that "the court was clearly aware that only 'representative' settlement agreements were included in the administrative record, but nevertheless fashioned its remedy more broadly[,]" Plaintiffs' Reply at 5, is incorrect. Nothing in my recommended decision can reasonably be so read. Section III.E.3 of the recommended decision states that "[t]he defendant presents, as an example, the agreement concerning Eastern Maine Medical Center's 1995 cost report, which it contends purported, by its terms, to resolve any claims that the hospital asserted or could have asserted in an appeal." Recommended Decision at 20. That sentence refers to the defendant's contention that she could "reopen cost reports that have been settled by written agreements between providers and fiscal intermediaries for any reason and whenever she likes. The court should reject this argument." *Id*. at 20-21. At most, I assumed that the settlement agreements in the administrative record were those that collectively contained the $17,127,665 in Medicare disproportionate share hospital payment reimbursement to which the parties referred. *Id*. at 1. *See also id*. at 21 (defendant's motion for judgment should be granted "as to all other plaintiffs and costs years "included in the defendant's decision that is under review in this proceeding[.]").

not be decided at this time, thereby making Judge Torresen's order affirming my recommended decision (ECF No. 39) appropriate for appeal on the merits, should any party wish to appeal. Accordingly, I recommend that my initial recommended decision (ECF No. 26) be amended to remove its final sentence.

### III.     Conclusion

For the foregoing reasons, I recommend that the plaintiffs' motion (ECF No. 45) be **DENIED** without prejudice, and that the defendant's motion (ECF No. 46) be **GRANTED** to the extent of deleting the last sentence of my recommended decision and otherwise **DENIED**, such that my recommended decision on Cross-Motions for Judgment on Administrative Record (ECF No. 26) would be amended by deleting the last sentence on page 21.  For clarity of the record, I recommend that the court enter its affirmance of the amended recommended decision, if appropriate, on the docket.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 13th day of August, 2015.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge